Beth L. Kaufman
Jeremy Miguel Weintraub
SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
551 Fifth Avenue
New York, NY 10176
(212) 661-5030
*Attorneys for Defendants New York City Transit*
*Authority and Manhattan and Bronx Surface*
*Transit Operating Authority*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KENNETH FRILANDO,

                   Plaintiff,                  Case No.: 18-CV-5204

      -against-

NEW YORK CITY TRANSIT AUTHORITY and     **STIPULATION AND ORDER**
MANHATTAN AND BRONX SURFACE         **FOR THE PRODUCTION**
TRANSIT OPERATING AUTHORITY,          **AND EXCHANGE OF**
                                             **CONFIDENTIAL**
               Defendants.         **<u>INFORMATION</u>**
-----------------------------------------------------------------X

      This matter having come before the Court by stipulation of plaintiff

Kenneth Frilando ("Plaintiff") and defendants New York City Transit Authority

("NYCT") and Manhattan and Bronx Surface Transit Operating Authority

("MaBSTOA") (together, "the Defendants") for the entry of a protective order,

pursuant to Rule 26(C) of the Federal Rules of Civil Procedure, limiting the use,

review, copying, dissemination and filing of a confidential examination to be produced

by Defendants to the extent set forth below; and the parties, having stipulated and

agreed to the terms set forth herein, and good cause having been shown;

IT IS HEREBY ORDERED that:

1.     This Stipulation is being entered into and this Order is being issued in order to facilitate the production by Defendants of a single hard copy of NYCT Exam No. 8600 for the position of Track Worker (the "Exam") to Plaintiff's attorneys Andrew Rozynski and David John Hommel of the law firm of Eisenberg & Baum ("Plaintiff's Law Firm"). The Exam shall be designated as "Attorneys' Eyes Only" and has been designated as such by a stamp affixed to the Exam for purposes of this action.

2.     Mr. Rozynski and Mr. Hommel shall not disclose the Exam, any of its contents of the Exam, or any summary or description of the Exam to anyone, including but not limited to Plaintiff.

3.     The Exam shall be used by Mr. Rozynski and Mr. Hommel solely for purposes of this action.

4.     Mr. Rozynski and Mr. Hommel shall not make any copies of the Exam or any part of the Exam, including that they shall not take any photographs of or make any writings or recordings that transcribe or summarize any of the Exam questions or answer choices. Further, Mr. Rozynski and Mr. Hommel shall not scan or save the Exam or any of its content to any computer, cloud storage service, or database.

5.     The parties agree that any filing with the Court of the Exam, any portion of the Exam, or any summary or description of the Exam shall be under seal.

2

6.      Any questioning or discussion at trial about the Exam or any part thereof that shall be permitted, shall be sealed under a designation of "Attorneys' Eyes Only Information" in any court transcript.

7.      Mr. Rozynski and Mr. Hommel shall receive a copy of the Exam for the duration of the trial, and agree to return the copy to Defense counsel within 24 hours after the completion of the trial. Mr. Rozynski and Mr. Hommel shall have the ability to request access to the Exam from the Court, after trial, if necessary for this matter.  Upon obtaining access to the Exam during the post-trial period, the Exam may be used by Mr. Rozynski and Mr. Hommel only for purposes of post-trial activities and all provisions of this Stipulation shall apply equally to their use of the Exam during such period and they shall continue to be governed hereby.  If the Court determines that the Exam is not relevant to the action and orders that it not be part of the record, no use of the Exam shall be made by Mr. Rozynski or Mr. Hommel after this trial.  If access is granted during the post-trial period, Mr. Rozynski and Mr. Hommel shall return the Exam to Defendants' counsel no later than 24 hours following the deadline for filing post-trial submissions.

8.      This Stipulation is entered into without prejudice to Defendants' right to seek relief from, or modification of, this Stipulation or any provisions thereof by a properly noticed motion to the Court.

9.      The provisions of this Stipulation shall continue to be binding after the conclusion of this action.

3

10.   Nothing herein shall be deemed to be a waiver by Defendants of any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of the Exam or any facts or documents revealed during disclosure.

11.   The parties agree that if a party purportedly breaches this agreement, this Court shall have jurisdiction over any appropriate relief, including, but not limited to, injunctive relief or sanctions.

12.   This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: _____October 21, 2020_____

EISENBERG & BAUM, LLP


_____/s/ Andrew Rozynski_____
        Andrew Rozynski, Esq.


_____/s/ David John Hommel_____
        David John Hommel, Esq.

24 Union Square East
Fourth Floor
New York, New York 10003
Tel: (212) 353-8700

Dated: October 21, 2020_____

SCHOEMAN UPDIKE KAUFMAN &
GERBER LLP


By: _____
        Beth L. Kaufman, Esq.
        Jeremy Miguel Weintraub, Esq.
551 Fifth Avenue
New York, New York 10176
Tel: (212) 661-5030


*Attorneys for Defendants*
*New York City Transit Authority and*
*Manhattan and Bronx Surface*
*Transit Operating Authority*

*Attorneys for Plaintiff*
*Kenneth Frilando*

Dated: _10/21/20_

SO ORDERED:

_____
Hon. Jed S. Rakoff, U.S.D.J.